WISCONSIN PUBLIC SERVICE CORPORATION, a Wisconsin corporation, Plaintiff-Appellant,

v.

OCONTO COUNTY, Wisconsin, a municipal corporation; Town of Lakewood, Oconto County, Wisconsin, an unincorporated municipality; Peter Liptack, Jr., Assessor of the Town of Lakewood, Defendants-Respondents and Cross-Respondents,

The State of Wisconsin DEPARTMENT OF REVENUE, Defendant-Respondent and Cross-Appellant.

Court of Appeals

No. 83–263. Submitted on briefs December 19, 1983.— Decided March 27, 1984.
(Also reported in 347 N.W.2d 908.)

For the appellant the cause was submitted on the briefs of *Foley & Lardner, Leonard S. Sosnowski, Michael P. Erhard* and *Michael B. Van Sicklen* of Madison.

For the cross-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John J. Glinski,* assistant attorney general.

For the respondent Town of Lakewood the cause was submitted on the brief of *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.,* and *John E. Herald* of Green Bay, and *Plier, Judge & McCormick* and *Joseph C. McCormick* of Oconto.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.  The Wisconsin Public Service Corporation and the Wisconsin Department of Revenue appeal a judgment declaring that 640 acres of WPSC property is subject to local property taxation rather than state ad valorem taxation.  The property is within the boundaries of WPSC's federally-licensed hydroelectric power project, is required as a condition of WPSC's license, and is used solely for public recreation.  Because we conclude that the property is "necessarily used" in WPSC's business within the meaning of sec. 76.23, Stats.,[1] we re-

---

[1] Section 76.23, Stats., provides:

Exemption from other taxation.  The taxes imposed by this chapter upon the property of the companies defined in s. 76.02 shall be in lieu of all other taxes on such property necessarily used in the operation of the business of such companies in this state, except that the same shall be subject to special assessment for local improvements in cities and villages.  If a general structure is used in part for operating the business of any company defined in s. 76.02 and in part for nonoperating purposes, that general structure shall be assessed for taxation under this chapter at the percentage of its full market value that fairly measures and represents the extent of its use for operating purposes and the balance shall be subject to local assessment and taxation, except that the entire general structure is subject to special assessments for local improvements.  All property not necessarily used in operating the business of any company defined in s. 76.02 is exempted from taxation under this chapter and is subject to local assessment and taxation.  The taxes so imposed and paid by such companies shall also be in lieu of all taxes on the shares

verse the judgment and remand this matter to the trial court with directions to grant judgment declaring that WPSC's 640 acres are subject only to state taxation.

When property is "necessarily used" in the operation of a utility, it is subject only to state taxation. Section 76.23, Stats. Whether property is "necessarily used" in the operation of a utility is a question of law. *Chicago, Milwaukee, St. Paul & Pacific Railroad v. City of Milwaukee*, 47 Wis. 2d 88, 96, 176 N.W.2d 580, 583 (1970).

WPSC operates a hydroelectric power project. In its application to the Federal Power Commission to license the project, WPSC agreed to provide 640 acres of property for public recreational use. It made this proposal pursuant to 16 U.S.C. § 803(a) (1974) and 18 C.F.R. § 2.7(a) (1983). This regulation requires licensees "to acquire in fee and include within the project boundary enough land to assure optimum development of the recreational resources afforded by the project." The Federal Power Commission conditioned its license on WPSC's agreement to provide the 640 acres. Because the license cannot be altered except by the FPC, *see* 16 U.S.C. § 799 (1974), WPSC must continue to own the property and maintain its recreational character.

For purposes of sec. 76.23, utilities and railroads are treated alike. *See* sec. 76.02(9), Stats. Where railroads have sought property tax exemptions under sec. 76.23, the Wisconsin Supreme Court has upheld the exemption, even though the use of the property is totally distinct from railroading, so long as the property is "reasonably required in the exercise of sound business prudence." *Terminal Warehouse Co. v. City of Milwaukee*, 205

---

of stock of such companies owned or held by individuals of this state and such shares of stock in the hands of individuals shall be exempt from further taxation.

Wis. 607, 612, 238 N.W. 513, 515 (1931). There is no requirement that the property have anything to do with running a train. *See, e.g., Chicago, Milwaukee, St. Paul & Pacific Railroad* (exempted freight houses used to assemble carload shipments and for breakdown of incoming shipments, even though local trucking firms leased portions of buildings) ; *Chicago, St. Paul, Minneapolis & Omaha Railway v. Bayfield County,* 87 Wis. 188 (1894) (exempted a grain elevator and coal docks built by railroad where none would have been built by private capital) ; *Milwaukee & St. Paul Railway Co. v. Board of Supervisors,* 29 Wis. 116, 122 (1871) (would have exempted a hotel built by the railroad had it been used only to shelter railroad travelers).

If a warehouse, grain elevator, coal dock, and hotel are necessary to the operation of a railroad, then the 640 acres in this case are necessary to WPSC's operation. No electric power need be generated or transmitted from the 640 acres, which are owned not only as a matter of "sound business prudence" but as a matter of necessity. Without the property, WPSC cannot legally generate one kilowatt of electric power at its federally-licensed project.[2]

*By the Court.*—Judgment reversed and cause remanded with directions.

CANE, J. (dissenting). I dissent from the majority's conclusion that WPSC's 640 acres of property set aside for public recreational use are "necessarily used" in its operation as a utility. Section 76.23, Stats., provides in part:

---

[2] We are not persuaded by respondents' remaining arguments, nor do they provide any basis for denying WPSC an exemption from local taxations. Our decision disposes of the cross-appeal as well.

All property not necessarily used in operating the business of any company defined in sec. 76.02 is exempted from taxation under this chapter and is subject to local assessment and taxation.

Clearly, the legislature recognized that not all utility property would be subject to ad valorem taxation. Rather, it allowed for separate local taxation when some of the utility's property is not used or employed in the operation of its business. Here, it is undisputed that the 640-acre parcel is strictly recreational land and is not used or employed in operating the utility's business of generating and furnishing energy. The parcel's sole function and use is for recreational purposes. The mere fact that the FPC required the utility to acquire the recreational land does not change its character or use. Accordingly, I would conclude that the 640 acres is not "necessarily used" in the utility's operation and is therefore subject to local assessment and taxation.